UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ZENA SMITH, o/b/o C. T., | ) No. ED CV 09-02146-VBK |
| Plaintiff, | ) MEMORANDUM OPINION ) AND ORDER |
| v. | ) ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

          complied with the District Court's remand order and the subsequent Appeals Council order requiring the ALJ to recontact Dr. Dey in order to provide a basis for determining the extent of the child's functional limitations in the six relevant domains; and

2. Whether the ALJ properly complied with SSR 96-7p regarding the type, dosage, effectiveness and side effects of medications.

(JS at 3.)

    This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY COMPLIED WITH THE DISTRICT COURT REMAND ORDER**

    Plaintiff contends that the ALJ failed to properly comply with the District Court remand order and the subsequent Appeals Council order.

    In this Court's previous Memorandum Opinion, the Court reversed and remanded the matter to the Commissioner on July 17, 2007, with instructions. (AR 431l-443.)  The instructions, set forth on the last page of the Decision (AR 443), mandated development of the record in the following specific language: "Therefore, the ALJ should recontact Dr. Dey and/or obtain an independent consultative evaluation by a qualified psychiatrist in order to provide a basis for determining the extent of the child's functional limitations in the six relevant domains."

2

1   On remand, the ALJ conducted a hearing on May 22, 2008 (AR 379-
2   388), at which time the child claimant appeared, along with her
3   attorney (the principal of the law office representing Plaintiff in
4   this litigation), and a medical expert ("ME"). Following the hearing,
5   the ALJ issued a partially favorable decision. (AR 360-376.) The ALJ
6   found that, based on the evidence, the claimant was disabled from the
7   period June 28, 2004 through December 31, 2005, but not thereafter.
8   (AR 364.)

9   During the hearing, the ALJ noted that Dr. Dey was subpoenaed to
10  attend, but failed to attend the hearing. (AR 387.)

11  In determining the issue of disability, the ALJ relied upon
12  evidence which included the testimony of the ME at the hearing, along
13  with a report of a psychiatric consultative examination ("CE") which
14  was obtained on January 15, 2008. (AR 473-479.)

15  Plaintiff does not complain that the ALJ misconstrued the
16  evidence, in particular, the psychiatric CE, and the testimony of the
17  ME. Instead, Plaintiff frames the issue as whether the ALJ properly
18  complied with this Court's remand order. As such, Plaintiff
19  essentially raises a frivolous issue. The Court's remand order
20  provided that development of the record could be done by either
21  recontacting Dr. Dey and/or obtaining an independent consultative
22  evaluation by a qualified psychiatrist. The ALJ did obtain a new
23  psychiatric CE, and had he done nothing further, he would have been in
24  full compliance with the Court's remand order. The ALJ also
25  subpoenaed Dr. Dey to attend the hearing, but Plaintiff is seemingly
26  unsatisfied with the ALJ's recitation on the record that Dr. Dey had
27  in fact been subpoenaed but had not shown up, arguing that there is
28  "absolutely no proof to show that he was in fact subpoenaed to appear

at the hearing." (JS at 4.)  These types of pejorative accusations, based on nothing more than speculation, have no proper place in the litigation context.  The Court will chalk that up to the apparent inexperience of the attorney assigned to this case by the office of Plaintiff's counsel.  Essentially, Plaintiff's first issue contains nothing of substance, as it is plainly apparent that the ALJ did comply with the Court's remand order by obtaining a new psychiatric CE.

## II

### THE ALJ DID NOT DISREGARD ISSUES CONCERNING

### THE SIDE EFFECTS OF MEDICATIONS

Plaintiff's second issue asserts that because the child claimant was taking the drug Risperidal, which may, in certain individuals, cause side effects, the ALJ erred by not looking into those side effects and their possible effect on the claimant.  This is, again, a frivolous issue.  In another speculative and conclusory statement, Plaintiff's counsel claims that because the claimant is a 15-year-old child, "these side effects could be significantly affecting her life." (JS at 11.)  But there is absolutely nothing in the record to indicate that there are any actual side effects.  In fact, the evidence is to the contrary.  The child claimant herself never alleged she had any adverse side effects from the medication at any time, whether in her application, at the psychiatric CE, or during the hearing. (AR 85, 413, 478.)  It was not the ALJ's obligation to address non-existent issues, in particular, undocumented and unreported side effects of medication.  See Miller v. Heckler, 70 F.2d 845, 849 (9th Cir. 1985).

The Court will not sanction Plaintiff's counsel for what is, in

4

effect, a frivolous pleading, in this instance. The Court expects, however, that the associate who prepared this pleading on behalf of Plaintiff will receive proper guidance and supervision from senior attorneys in the office of Plaintiff's counsel.

The matter is affirmed, and the Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: August 31, 2010         /s/
                               VICTOR B. KENTON
                               UNITED STATES MAGISTRATE JUDGE